UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MR. & MRS. "M," Parents of "K.M.":
                                    :
     Plaintiffs,                    :
                                    :
v.                                  :    CASE NO. 3:05-CV-584(RNC)
                                    :
RIDGEFIELD BOARD OF EDUCATION,      :
                                    :
     Defendant.                     :

RULING AND ORDER

I.   Background

     In 2005, Mr. and Mrs. "M"[1] ("the parents" or "plaintiffs")

brought this suit against the Ridgefield Board of Education ("the

Board" or "defendant") under the Individuals with Disabilities

Education Act ("IDEA"), 20 U.S.C. §§ 1400, et seq., appealing a

decision by an impartial hearing officer of the State Department

of Education and seeking reimbursement for the cost of private

school for their daughter, "K.M."  On March 30, 2007, this Court

concluded that "the Board's failure to include the parents in the

development of the 2004-2005 [individualized education plan

('IEP')] denied K.M. a [free appropriate public education

('FAPE')] for the second grade, but that the Board's procedural

errors during the 2003-2004 school year did not rise to the level

of denying K.M. a FAPE for first grade."  Mr. "M" ex rel. "K.M."

_____

     [1] To protect the privacy of the minor plaintiff, the Court
authorized the use of pseudonyms [doc. # 4].

v. Ridgefield Bd. of Educ., No. 3:05-CV-584(RNC), 2007 WL 987483, at *5 (D. Conn. Mar. 30, 2007). The matter is now before the Court on plaintiffs' motion for tuition reimbursement and attorneys' fees.

## II. Discussion

### A. Tuition Reimbursement

Because the Board's IEP denied K.M. a FAPE and because the parents' choice of private placement was appropriate, the Court has discretion to award tuition reimbursement. See 20 U.S.C. § 1412(a)(10)(C)(ii) (2000); Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 129 (2d Cir. 1998). In determining an appropriate award, "the district court enjoys broad discretion in considering equitable factors." Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105, 112 (2d Cir. 2007). The Court may reduce or deny reimbursement if the parents' actions were unreasonable. 20 U.S.C. § 1412(a)(10)(C)(iii)(III) (2000). Though I cannot conclude that the parents acted unreasonably, equitable factors counsel in favor of reducing the reimbursement.

On May 18, 2004, the parents informed the Board of their decision to place K.M. at Villa Maria, a private school. At the June 17, 2004 PPT meeting held in the absence of the parents, the Board considered and rejected the Villa Maria placement. The

2

Board concluded that the district could provide an appropriate education within the public schools.  The hearing officer found that the IEP developed at the meeting was appropriate.

On learning that the meeting had occurred in their absence, the parents complained about the Board's failure to reschedule the meeting.  After an unsuccessful mediation session, the parents renewed their request for a due process hearing on September 2, 2004, and placed K.M. at Villa Maria for the 2004-2005 school year.

Though the parents reasonably and promptly asked the Board to reschedule the PPT meeting, the hearing officer concluded that the parents' position would not have changed even had they attended the meeting.  In the hearing officer's view, the parents would not have agreed to any IEP that did not include a placement outside the public schools.

In light of the hearing officer's findings, full reimbursement is not appropriate.  See Carmel Cent. Sch. Dist. v. V.P. ex rel. G.P., 373 F. Supp. 2d 402, 418 (S.D.N.Y. 2005) (tuition reimbursement denied in part due to parents' "clear intention not to allow [their child] to attend public school"); Adams v. Oregon, 195 F.3d 1141, 1151 (9th Cir. 1999) (one factor in awarding reimbursement is existence of other appropriate,

substitute placements).  I conclude that the parents are entitled
to reimbursement of $17,314.50, half of the $34,629.00 they
sought for tuition and related expenses.  <u>See, e.g.</u>, <u>Deal ex rel.
Deal v. Hamilton County Dep't. of Educ.</u>, No. 1:01-cv-295, 2006 WL
2854463, at *5 (E.D. Tenn. Aug. 1, 2006) (reducing tuition
reimbursement by fifty percent when, after a procedural violation
that deprived student of a FAPE, parents refused to consider the
school district's alternate, appropriate placement).

    B.   <u>Attorneys' Fees</u>

Under the IDEA, courts have discretion to award attorneys'
fees to parents when they are a prevailing party.  20 U.S.C. §
1415(i)(3)(B)(i)(I) (2000).  Attorneys' fees must be "based on
rates prevailing in the community in which the action or
proceeding arose for the kind and quality of services furnished."
20 U.S.C. § 1415(i)(3)(C) (2000).  Courts "interpret the IDEA fee
provisions in consonance with those of other civil rights
fee-shifting statutes."  I.B. ex rel. Z.B. v. N.Y. City Dep't of
Educ., 336 F.3d 79, 80 (2d Cir. 2003).

    1.   <u>Prevailing Party</u>

Plaintiffs are considered "prevailing parties" "if they
succeed on any significant issue in litigation which achieves
some of the benefit the parties sought in bringing the suit."

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (internal quotation omitted).  The essential test is whether a party successfully obtains a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001). The Court's conclusions that the Board denied K.M. a FAPE during the 2004-2005 school year, that the parents' private school placement was appropriate, and that the parents are entitled to partial tuition reimbursement materially alter the legal relationship of the parties.  The parents are therefore the prevailing party.

        2.   Reasonable Fee

    Having prevailed on their tuition reimbursement claim for the 2004-2005 school year, the parents are entitled to a reasonable fee.  See Hensley, 461 U.S. at 435. ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."). Determining a reasonable fee, traditionally termed the

"lodestar,"[2] "involves determining the reasonable hourly rate . . . and the reasonable number of hours expended, and multiplying the two figures together to obtain the presumptively reasonable fee award." <u>Porzig v. Dresdner, Kleinwort, Benson, North America L.L.C.</u>, 497 F.3d 133, 141 (2d Cir. 2007).

### a.   Reasonable Hourly Rate

"The reasonable hourly rate is the rate a paying client would be willing to pay." <u>Arbor Hill Concerned Citizens</u>, 493 F.3d at 117.  The Court should "bear in mind <u>all</u> of the case-specific variables that [courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate,"[3] recognizing that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." <u>Id</u>. at 117-18. The fee applicant bears the burden of producing

---

[2]  At least one panel of the Second Circuit has abandoned the use of the term "lodestar" finding courts should instead calculate a "presumptively reasonable fee." <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 117 (2d Cir. 2007).

[3]  These variables include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required; (4) the preclusion of other employment due to acceptance of the case; (5) the customary hourly rate in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  <u>See</u> <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974).

"satisfactory evidence" that the hourly rates underlying the fee request are reasonable. See Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005).

After considering the parties' submissions, I conclude that a reasonable hourly rate for Attorney Laviano is $250.  This rate is reasonable in light of Attorney Laviano's specialization in special education, her more than ten years of experience, her partial success in this case, her typical hourly rate of $350, and rates awarded in similar cases in this District. See, e.g., P. ex rel. Mr. P. v. Newington Bd. of Educ., 512 F. Supp. 2d 89, 116 (D. Conn. 2007) ($315 hourly rate for attorney with more experience than Attorney Laviano); C.C. v. Granby Bd. of Educ., 453 F. Supp. 2d 569, 574 (D. Conn. 2006) (same); Lillbask ex rel. Mauclaire v. Conn. Dep't. of Educ., No. 3:97 CV 1202(PCD), 2006 WL 752872, at *5 (D. Conn. Mar. 17, 2006) ($200 hourly rate for attorney with twelve years special education experience who prevailed on some claims); C.G. v. New Haven Bd. Of Educ., 988 F. Supp. 60, 69 (D. Conn. 1997) ($250 hourly rate for experienced special education attorney).

Plaintiffs request a $250 hourly rate for Attorney Jonson and a $100 hourly rate for work Ms. Jonson performed as a legal intern.  I find these rates excessive. A reasonable hourly rate

for the 2006-2007 work performed by Attorney Jonson, who graduated from law school in 2004 and was admitted to the bar in 2005, is $125. <u>See, e.g.</u>, <u>C.G. v. New Haven</u>, 988 F. Supp. at 69 (approving a $100 hourly rate for an associate working on an IDEA case); <u>N.S. ex rel. P.S. v. Stratford Bd. of Educ.</u>, 97 F. Supp. 2d 224, 231 n.5 (D. Conn. 2000) (finding a $150 hourly rate would be high for a first-year associate). An award of $75 for the work she performed as a legal intern is reasonable. <u>See, e.g.</u>, <u>C.C. v. Granby</u>, 453 F. Supp. 2d at 576 ($75 hourly rate for paralegal work); <u>P. v. Newington</u>, 512 F. Supp. 2d at 116 (same).

> b. <u>Hours Billed</u>

In determining the reasonableness of the hours billed, the number of hours claimed by counsel "must be supported by contemporaneous time records, affidavits, and other materials." <u>McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund</u>, 450 F.3d 91, 96 (2d Cir. 2006). These records should "identify the general subject matter of their time expenditures." Hensley, 461 U.S. at 437 n.12.

Many of Attorney Laviano and then-legal intern Jonson's entries are too vague to "provide an adequate basis upon which to evaluate the reasonableness of the services and hours expended on a given matter." <u>Mr. B. ex rel. W.B. v. Weston Bd. of Educ.</u>, 34

F. Supp. 2d 777, 781 (D. Conn. 1999).  These entries include "phone call with attorney," "email to client," "meeting with client," "research," "prepare for; meet with client," "prepare for hearing," "phone conference with client," and "review papers dropped off by client."  See id. (finding entries such as "review of file," "review of correspondence," "research," "conference with client," and "preparation of brief" too vague); G.M. ex rel. R.F. v. New Britain Bd. of Educ., No. 3:96CV2305 AVC, 2000 WL 435577, at *5 (D. Conn. Mar. 8, 2000) (finding "preparation for hearing," "appeal analysis," and "work on appeal brief" too vague).  "[W]here adequate contemporaneous records have not been kept, the court should not award the full amount requested." F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1265 (2d Cir. 1987).  Accordingly, the Court reduces the hours billed by twenty-five percent for Attorney Laviano (from 192.975 hours to 145 hours) and then-intern Jonson (from 58.88 hours to 44 hours).  See, e.g., G.M. ex rel. R.F., 2000 WL 435577, at *5 (reducing total hours by twenty percent).

This results in an award of $36,250 for the work done by Attorney Laviano, an award of $3,300 for the work done by Ms. Jonson in her capacity as an intern, and an award of $275 for the work she did as an attorney.  The total fee award is $39,825.

3.  <u>Reimbursing Parent-Attorney</u>

To reduce litigation expenses, Mrs. M, an experienced attorney, performed some legal research and drafting in this case under the supervision of plaintiffs' counsel.  The parents contend that they should be compensated for her work.

The Second Circuit has held that "a parent-attorney is not entitled to attorneys' fees under the IDEA for the representation of his or her own child."  <u>S.N. ex rel. J.N. v. Pittsford Cent. Sch. Dist.</u>, 448 F.3d 601, 605 (2d Cir. 2006).  Plaintiffs argue that the concern underlying this holding -- that a "parent-attorney would lack sufficient emotional detachment to provide effective representation," <u>id</u>. at 603 -- is not an issue here because they retained other counsel.  This Court, however, is bound by the Second Circuit's unequivocal holding.  Moreover, the Court finds persuasive the reasoning of the Fourth Circuit that "[l]oving parents . . . will of course 'fight' for their children - with or without a statutory award of fees for their services.  To permit an attorney-parent to recover statutory fees for representing his child in IDEA proceedings is thus not necessary to ensure a parent's efforts on behalf of his child . . . ."  <u>Doe v. Bd. of Educ. of Baltimore County</u>, 165 F.3d 260, 264 (4th Cir. 1998).

C. "Stay-Put" Provision

The parents ask the Court to rule that Villa Maria, K.M.'s private school placement, is her "stay-put" placement. Pursuant to 20 U.S.C. § 1415(j), "during the pendency of any proceedings [regarding parents' complaints about an IEP], unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child." When a parent's challenge to a proposed IEP succeeds, "consent to the private placement is implied by law." Bd. of Educ. v. Schutz, 290 F.3d 476, 484 (2d Cir. 2002). As a result of this Court's previous holding that the Board's 2004-2005 I.E.P. did not provide a FAPE, and the present order for tuition reimbursement, K.M.'s stay-put placement is Villa Maria. See id. ("an order for reimbursement predicated on a finding that a proposed IEP is inappropriate for a child constitutes a change in the child's current educational placement for purposes of interpreting the pendent placement provision, at § 1415(j), of the IDEA").

III. Conclusion

Accordingly, plaintiffs' motion for reimbursement of tuition, transportation, related services, and attorneys' fees [doc. #49] is granted in part. Plaintiffs are awarded $17,314.50

in tuition reimbursement and related costs, and $39,825 in attorneys' fees.  The Clerk will enter judgment accordingly and close the file.

So ordered.

Dated at Hartford, Connecticut this 30th day of March 2008.

/s/
_____
Robert N. Chatigny
United States District Judge
